# United States Court of Appeals
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

Argued September 23, 2011      Decided December 20, 2011

No. 10-3001

UNITED STATES OF AMERICA,
APPELLEE

v.

JONATHAN L. FRANKLIN,
APPELLANT

Appeal from the United States District Court
for the District of Columbia
(No. 1:04-cr-00128-1)

*Michael E. Lawlor*, appointed by the court, argued the cause for appellant. With him on the briefs was *Sicilia C. Englert*, appointed by the court.

*Stratton C. Strand*, Assistant U.S. Attorney, argued the cause for appellee. With him on the brief were *Ronald C. Machen Jr.*, U.S. Attorney, *Roy W. McLeese III*, *Elizabeth Trosman*, *Sherri L. Berthrong*, and *John Dominguez*, Assistant U.S. Attorneys.

Before: KAVANAUGH, *Circuit Judge*, and EDWARDS and SILBERMAN, *Senior Circuit Judges*.

Opinion for the Court filed by *Circuit Judge* KAVANAUGH.

KAVANAUGH, *Circuit Judge*: After a jury trial, Jonathan Franklin was convicted of serious drug offenses and sentenced to life in prison. He contends that he received ineffective assistance of counsel when he declined the prosecution's plea deal proposal and instead went to trial. The District Court rejected his ineffective assistance of counsel claim. We affirm the judgment of the District Court.

\* \* \*

In October 2005, Jonathan Franklin was indicted by a federal grand jury for his role in operating a massive D.C. drug ring. Within the multi-count indictment, three counts – the RICO conspiracy, Continuing Criminal Enterprise (or CCE), and murder in aid of racketeering counts – carried mandatory life sentences. *See* 18 U.S.C. § 1959(a)(1); 18 U.S.C. § 1963(a); 21 U.S.C. § 848(b).

At trial, Franklin and his counsel embarked on a concession strategy: They conceded guilt to less serious charges in an effort to build credibility with the jury and avoid convictions on the counts that carried lengthier sentences, including the counts with mandatory life sentences. The strategy almost worked: A jury found Franklin not guilty on several counts, including murder. But the jury found Franklin guilty on many other counts, including the RICO and CCE counts. Therefore, as required by law, the District Court sentenced Franklin to life imprisonment.

On direct appeal, we rejected most of Franklin's challenges to his conviction and sentence. *See United States v. Wilson*, 605 F.3d 985 (D.C. Cir. 2010). Consistent with our common practice, we remanded his claim of ineffective

assistance of counsel for analysis in the first instance by the District Court.

On remand to the District Court, Franklin argued that his counsel had been deficient in proposing the concession strategy without conveying the risk that Franklin could still receive a life sentence even if *acquitted* on the RICO, CCE, and murder counts. The situation facing Franklin was this: If acquitted on the RICO, CCE, and murder counts, he would avoid a *mandatory* life sentence. But depending on which (if any) other counts he was convicted of, the District Court still might have *discretion* under the relevant statutes to impose a life sentence. Indeed, the advisory sentencing range under the Sentencing Guidelines could itself rise to life imprisonment even with acquittals on the RICO, CCE, and murder counts.

Franklin said he did not realize all of this when he agreed to go with the concession strategy. In particular, he claimed that he was not aware that he still might receive a life sentence even if acquitted on the RICO, CCE, and murder counts. (Franklin's trial counsel contested Franklin's assertion, but that dispute is not relevant for present purposes.) Franklin contended that, had he known the full situation, he would have accepted a plea deal to avoid any possibility of life imprisonment – even though a deal would have required him to cooperate with the Government and testify against his brother and cousin, who were co-defendants.

But the District Court did not believe Franklin's testimony: "[T]he Court does not credit Mr. Franklin's assertion that he would have accepted the Government's cooperation plea offer and testified against his brother and cousin had he known that he could have received a life sentence under the concession strategy." *United States v.*

*Franklin*, No. 04-128-1, slip op. at 18 (D.D.C. Dec. 2, 2009) (emphasis omitted).

We find no basis in the record to disturb the District Court's credibility finding. As a result, Franklin cannot show a reasonable probability that he would have pled guilty – and thus received a sentence of less than life imprisonment – if he had been fully informed of the sentencing permutations. He therefore cannot show the required "reasonable probability" that "the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984).

In light of our disposition and the arguments raised by the parties, we need not consider the more fundamental legal question whether a defendant such as Franklin – who receives a fair trial but claims he would have pled guilty had he received effective assistance of counsel – can state a claim for ineffective assistance of counsel. *Cf. Lafler v. Cooper*, No. 10-209 (U.S. argued Oct. 31, 2011).

\* \* \*

We affirm the judgment of the District Court.

*So ordered.*